UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN C.R.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-05884-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Edin C.R.'s[1] ("Petitioner") petition for writ of

[1]The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In response, the Respondent concedes that, in light of the Ninth Circuit's recent ruling in *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. 2026), Petitioner is entitled to seek a custody determination before an immigration judge. The Court accepts the Respondent's concession and grants Petitioner's petition for habeas corpus.

## BACKGROUND

Petitioner is a citizen of Honduras. ECF No. 6-1 at 1. He entered the United States without inspection on an unknown date. *Id*.

On June 19, 2026, Petitioner was taken into custody by immigration officials following a traffic stop in Hurricane, West Virginia. *Id*. at 2. The same day, an immigration officer authorized an alien arrest warrant for Petitioner and issued a Notice to Appear. ECF No. 6-2 at 1. Petitioner has been held in immigration custody since his arrest.

## ANALYSIS

### *Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas

corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

In response to the Petition, Respondent maintains the argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the Immigration Nationality Act (INA). However, Respondent acknowledges that under the Ninth Circuit's recent ruling in *Rodriguez Vazquez*, 2026 WL 2196424, Petitioner is entitled to a bond hearing. We accept Respondent's concession.

In *Rodriguez Velasquez*, the Ninth Circuit held that the mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by

counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner was denied the process owed to those subject to § 1226(a). Respondent therefore violated the INA in Petitioner's detention.

Having found that the INA requires that Petitioner be afforded a bond hearing pursuant to *Rodriguez Diaz*, the Court declines to analyze the issue of whether due process was violated.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A# 242-360-796) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, lack of criminal history, harm to their family, and alternative conditions of release.

*Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

3. Within three days of the date of the bond hearing, Respondent is directed to file a notice in this court certifying compliance with this Order. The notice should attach the Immigration Judge's order and/or describe its substantive findings.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

DATED August 5, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE